IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| BRENT ROWAN, | § | |
| Plaintiff, | § | |
| vs. | § | No. 15-2205-JDT-cgc |
| DEPT. OF HEALTH AND HUMAN SERVICES, et al., | § | |
| Defendants. | § | |

ORDER DIRECTING PLAINTIFF TO PAY THE FULL $400 CIVIL FILING FEE
ORDER DENYING PENDING MOTIONS
(ECF Nos. 3, 4, 5 & 6)
AND
ORDER PROHIBITING FURTHER FILINGS UNTIL FILING FEE IS PAID

On March 23, 2015, Plaintiff Brent Rowan, booking number 15102052, an inmate at the Shelby County Criminal Justice Complex ("Jail") in Memphis, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Rowan did not file a motion seeking leave to proceed *in forma pauperis*. On May 27, 2015, Rowan filed a motion requesting that the Court review his medical records.[1] (ECF No. 3.) On June 4, 2015, Rowan filed a motion requesting that the Court review a consent decree. (ECF No. 4.) On June 5, 2015, Rowan filed a motion requesting the Court to formulate a treatment plan and serve process on the defendants. (ECF No. 5.) Also on June 5, 2015, Rowan filed a motion requesting that the Court review a complaint from the Secretary of the United States Department of Health and Human Services. (ECF No. 6.)

---

[1] No medical records were attached to the motion.

Under the Prison Litigation Reform Act of 1996 ("PLRA"), 28 U.S.C. §§ 1915(a)-(b), a prisoner bringing a civil action must pay the full filing fee of $400 required by 28 U.S.C. § 1914(a).[2] The statute merely provides the prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments. *See McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997) ("[w]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan. Prisoners are no longer entitled to a waiver of fees and costs.").

Not all indigent prisoners are entitled to take advantage of the installment payment provisions of § 1915(b). Section 1915(g) provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Thus, "[s]uch a litigant cannot use the period payment benefits of § 1915(b). Instead, he must make full payment of the filing fee before his action may proceed." *In re Alea*, 286 F.3d 378, 380 (6th Cir. 2002). The Sixth Circuit has upheld the constitutionality of this provision. *Wilson v. Yaklich*, 148 F.3d 596, 602-06 (6th Cir. 1998).

Plaintiff has filed three previous lawsuits that were dismissed for failure to state a claim or as frivolous.[3] Therefore, Plaintiff may not take advantage of the installment-payment provisions of 28 U.S.C. § 1915(b) unless he is in imminent danger of serious physical injury.

---

[2] Twenty-eight U.S.C. § 1914(a) requires a civil filing fee of $350. However, pursuant to § 1914)b), "[t]he clerk shall collect from the parties such additional fees only as are prescribed by the Judicial Conference of the United States." Effective May 1, 2013, the Judicial Conference prescribed an additional administrative fee of $50 for filing any civil case, except for cases in which the plaintiff is granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915.

[3] Plaintiff has filed a multitude of lawsuits in this district, most of which were commenced when he was not a prisoner. Service has not been ordered in any of Plaintiff's suits. Plaintiff incurred "strikes" under 28 U.S.C. § 1915(g) for *Rowan v. Pizza Hut*, No. 2:10-cv-02658-JDT-dkv (W.D. Tenn. dismissed for failure to state a claim Sept. 2, 2011); *Rowan v. Currie*, No. 2:12-cv-02264-JDT-dkv (W.D. Tenn. dismissed for failure to state a claim Nov. 26, 2012); and *Rowan v. City of Memphis*, No. 2:12-cv-02707-JDT-cgc (W.D. Tenn. dismissed for failure to state a claim Feb. 7, 2013).

It is also necessary to consider whether the exception to the "three strikes" provision is applicable here. The assessment whether a prisoner is in imminent danger is made at the time of the filing of the complaint. *See, e.g.*, *Vandiver v. Vasbinder*, 416 F. App'x 560, 561-62 (6th Cir. 2011); *Rittner v. Kinder*, 290 F. App'x 796, 797-98 (6th Cir. 2008); *Malik v. McGinnis*, 293 F.3d 559, 562-63 (2d Cir. 2002); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312-16 (3d Cir. 2001) (en banc).

Plaintiff sues the Department of Health and Human Services, Case Management, Inc., Oddye Fisher, the Foundation Association, UT Memphis, Regional One Health Care Delta Medical Center, Lakeside Behavioral Health, and Alliance Healthcare Services. The complaint alleges:

> Because of a past arrest, I was assigned several caseworkers by the courts. The courts are aware of my employment after my release from jail. I had made payment to the court. I have sent LSAC prosepectus to the court that quantify my skills as an entrepreneur in the financial world. Thus, I asked [indecipherable] to qualify me as a financier. I speak French too. Because of an eviction by YMCA, I was without housing because of low income. I need a new caseworker. I have asked for an appointment with a new caseworker during an evaluation with the psychiatrist. I have met with the psychiatrist on many occasions. And, he has prescribed medication for my mental condition. However, I did not ingest my medication before leaving in 2012. Officer Snowden created a disability which violates the Americans with Disabilities Act.

(ECF No. 1 at PageID 2.)

Plaintiff's complaint does not allege that he was in imminent danger of serious physical injury on the day he commenced this action. "Allegations that are conclusory, ridiculous, or clearly baseless are . . . insufficient for purposes of the imminent-danger exception." *Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012).

Plaintiff has "failed to plead facts supporting a finding of imminent danger on the date that he filed his complaint." *Taylor*, 508 F. App'x at 492-93. Because this complaint does not come within the exception to 28 U.S.C. § 1915(g), the Court cannot consider it on the merits unless Plaintiff first tenders the civil filing fee. Plaintiff may not proceed *in forma pauperis* pursuant to U.S.C. § 1915(g).

Plaintiff is ORDERED to remit the entire $400 civil filing fee within thirty (30) days of the date of filing of this order. Failure to do so will result in the assessment of the filing fee directly

from Plaintiff's inmate trust fund account and dismissal of this action for failure to prosecute. *Alea*, 286 F.3d at 381-82.[4]

Plaintiff's complaint has not been served on any Defendant. The pending motions for court review of documents (ECF No. 3-6) are DENIED as premature. Plaintiff is ORDERED to file no further motions in this action until he has remitted the entire filing fee. The Clerk is directed to return any further motions to Plaintiff until the filing fee is paid.

IT IS SO ORDERED.

    s/James D. Todd
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[4] As the Sixth Circuit explained: "Although the requirement that a prisoner litigant may be liable for the payment of the full filing fee despite the dismissal of his action may be burdensome, it is not unfair. A prisoner who has filed prior civil actions should be aware of the disposition of those actions and the possible application of § 1915(g) to any new actions he wishes to pursue. By choosing to file a new action, he invokes the jurisdiction of the federal court and avails himself of the process afforded by that court. Even if the end result is an order of summary dismissal under § 1915(g), the action will require a considerable amount of time and effort on the part of the district court and the court staff. The requirement that the full fees be paid for these actions — whatever their merit or disposition — will provide a prisoner with the incentive to consider carefully whether or not to submit a new action to the district court. Not to require the payment of the full fee would permit a prisoner subject to the three-strikes rule to continue to file frivolous civil complaints — thus taking much valuable time away from other non-frivolous litigation — without any consequence beyond their mere dismissal under § 1915(g). The intent of the PLRA was to deter such litigation and it would be anomalous for a provision of that Act to provide a means for the repeated filing of frivolous actions without financial consequences to the prisoner litigant." Id. at 382.